1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
9

10    DOUGLAS JERRETT,

11                    Plaintiff,                    CASE NO. 2:15-cv-01244 JRC

12         v.                                       ORDER ON PLAINTIFF'S
                                                    COMPLAINT
13    CAROLYN W. COLVIN, Acting
      Commissioner of the Social Security
14    Administration,

15                    Defendant.

16

17        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18    Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19    Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

20    Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 10, 14, 15).

21        After considering and reviewing the record, the Court concludes that the medical

22    evidence does not conclusively establish that plaintiff's Meniere's disease meets the

23    frequency requirement of Listing 2.07 for the time period at issue.  The Court agrees with

24

1    the Commissioner that remand for further proceedings, including testimony from a

2    medical expert, is appropriate.

3                                              BACKGROUND

4            Plaintiff, DOUGLAS D.C. JERRETT, was born in 1953 and was 58 years old on

5    the alleged date of disability onset of March 30, 2011 (*see* AR. 155-63). Plaintiff did not

6    finish high school or obtain his GED (AR. 379).   Plaintiff has work history as a

7    newspaper press operator for 38 years (AR. 372-73, 379).

8            According to the ALJ, plaintiff has at least the severe impairments of "substance

9    addiction; depression; attention deficit hyperactivity disorder (ADHD); Meniere's

10   disease; status post rotator cuff repair (20 CFR 404.1520(c))" (AR. 355).

11           At the time of the hearing, plaintiff was living alone in a townhouse (AR. 402).

12                                         PROCEDURAL HISTORY

13           Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42

14   U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following

15   reconsideration (*see* AR. 75-86, 88-100). Following a remand from this Court (*see* AR.

16   467-79), plaintiff's second hearing was held before Administrative Law Judge Kimberly

17   Boyce ("the ALJ") on March 9, 2015 (*see* AR. 367-429). On June 2, 2015, the ALJ

18   issued a written decision in which the ALJ concluded that plaintiff was not disabled

19   pursuant to the Social Security Act (*see* AR. 349-66). On May 20, 2014, Plaintiff was

20   found disabled as of June 20, 2012 based on a subsequent DIB claim. (AR. 464).

21

22

23

24

1    In plaintiff's Opening Brief, plaintiff raises the following issue:   (1) Whether or

2  not the ALJ erred in her evaluation of plaintiff's Meniere's disease at Step Three of the

3  Sequential Evaluation Process (*see* Dkt. 10, p. 1).

4    The Commissioner concedes that the ALJ committed harmful legal error in not

5  calling a medical expert to testify regarding Meniere's disease, consistent with Social

6  Security Ruling (SSR) 83-20, and that a remand for further proceedings is appropriate

7  (*see* Dkt. 14, p. 1).

8

9    The issue before this Court is whether the case should be remanded for further

10 proceedings or for a finding of disability and award of benefits for the time period

11 between plaintiff's alleged onset date of March 30, 2011 and the day prior to

12 commencement of disability under the subsequent application, July 19, 2012 (AR. 353,

13 464).

14                                    DISCUSSION

15    The Commissioner concedes the ALJ harmfully erred by failing to call a medical

16 expert to testify to the date that plaintiff's Meniere's disease became disabling as required

17 by SSR 83-20 (Dkt. 14, p. 1). Plaintiff was awarded benefits as of June 20, 2012 based on

18 a subsequent DIB application (AR. 352-4, 464). This award of benefits raised the issue of

19 whether plaintiff's disability began between his original application date of March 30,

20 2011 and June 19, 2012. Under Social Security Regulation ("SSR") 83-20 determination

21 of an onset date requires a "legitimate medical basis" which is established by calling a

22 medical advisor at the hearing.

23

24

1

2

3

4
> How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in a particular case. This judgment, however, must have a legitimate medical basis. At a hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.

SSR 83-20.

5

6
    SSR 83-20 has been interpreted to *require* a medical advisor if the "medical

evidence is not definite concerning the onset date and medical inferences need to be

7

8
made." *Delorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991). In such cases, the ALJ

must call a medical expert to assist in determining the onset date. *Armstrong v. Comm'r*

9

10
*of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998). While the ALJ in this case took

testimony from a medical expert, the testimony did not pertain to plaintiff's Meniere's

11

12
disease and, therefore, did not satisfy SSR 83-20. [1] Given the subsequent determination of

disability, the ALJ should have called a medical expert qualified to discuss Meniere's

13

14
disease in order to determine whether a legitimate medical basis existed for award of

benefits based on onset of disability sometime between March 30, 2011 and June 19,

15

16
2012.

    Due to the ALJ's harmful error, plaintiff requests remand for award of benefits.

17

18
According to plaintiff, the record establishes that he is presumptively disabled under

19
Listing 2.07 and no additional proceedings are required (Dkt. 15, p. 4-5). Generally,

20
when the Social Security Administration does not determine a claimant's application

21

22
_____

23
    [1] A medical expert testified at the June 2015 hearing (AR. 381-89, 395-98). However, that expert focused on plaintiff's musculoskeletal impairments and explicitly declined to address
24
Meniere's disease (AR. 397).

ORDER ON PLAINTIFF'S COMPLAINT - 4

1  properly, "'the proper course, except in rare circumstances, is to remand to the agency for

2  additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th

3  Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for

4  determining when [improperly rejected] evidence should be credited and an immediate

5  award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)

6  (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

7      It is appropriate when:

8

9          (1) the ALJ has failed to provide legally sufficient reasons for rejecting
           such evidence, (2) there are no outstanding issues that must be resolved
10         before a determination of disability can be made, and (3) it is clear from
           the record that the ALJ would be required to find the claimant disabled
11         were such evidence credited.

12  *Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).  After

13  determining the ALJ made a harmful legal error, the Court must "review the record as a

14  whole and determine whether it is fully developed, is free from conflicts and ambiguities,

15  and 'all essential factual issues have been resolved.'" *Dominguez v. Colvin*, No. 13-

16  17380, 2015 WL 8600040, at *3 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc.*

17  *Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).  Here, whether plaintiff met Listing

18  2.07 between March 30, 2011 and June 19, 2012, and his onset date for disability if

19  applicable, are outstanding issues that still require resolution. *See id*.

20      At step-three of the administrative process, if the administration finds that the

21  claimant has an impairment(s) that has lasted or can be expected to last for not less than

22  twelve months and is included in Appendix 1 of the Listings of Impairments, or is equal

23

24  to a listed impairment, the claimant will be considered disabled without considering age,

1    education and work experience.  20 C.F.R. § 404.1520(d).   "If a claimant has an

2    impairment or combination of impairments that meets or equals a condition outlined in

3    the 'Listing of Impairments,' then the claimant is presumed disabled at step three." *Lewis*

4    *v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).  "Listed impairments are purposefully set at a

5    high level of severity because 'the listings were designed to operate as a presumption of

6    disability that makes further inquiry unnecessary.'"  *Kennedy v. Colvin*, 738 F.3d 1172,

7    1176 (9th Cir. 2013) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990)). The

8    claimant bears the burden of proof regarding whether or not she "has an impairment that

9    meets or equals the criteria of an impairment listed" in 20 C.F.R. pt. 404, subpt. P, app. 1

10   ("the Listings").  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005), *as modified to*

11   *render a published opinion by* 2005 U.S. App. LEXIS 3756 (9th Cir. 2005).

12

13         Plaintiff claims his case should be remanded for immediate award of benefits

14   because he meets Listing 2.07 for "[d]isturbance of labyrinthine-vestibular function

15   (including Ménière's disease), characterized by a history of frequent attacks of balance

16   disturbance, tinnitus, and progressive loss of hearing. 20 C.F.R. Pt. 404, Subpt. P, App. 1,

17   § 2.07.  The impairments described by Listing 2.07 require both "[d]isturbed function of

18   vestibular labyrinth demonstrated by caloric or other vestibular tests," and "[h]earing loss

19   established by audiometry." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 2.07.  The

20   Commissioner does not dispute that the testing criteria has been met, but contends the

21   evidence does not demonstrate the required "frequent attacks" (Dkt. 14, p. 5). The Court

22   agrees.

23

24

ORDER ON PLAINTIFF'S COMPLAINT - 6

1    Plaintiff cites medical evidence from physician Dr. Martine Levine and his own

2  testimony to support the claim that he experienced frequent attacks related to his

3  Meniere's disease (Dkt. 10, p.   Dkt. 15, p. 2-4).  Dr. Levine completed a Meniere's

4  disease questionnaire in June 2012 (AR. 345-48).  Dr. Levine noted he had seen plaintiff

5  in the office twice, January 2010 and May 2012, and conducted several telephone visits

6  (AR. 345).   Dr. Levine reported that plaintiff experienced two attacks of balance

7  disturbance each month, lasting between six and ten hours and including vertigo, nausea,

8  malaise, and inability to concentrate (AR. 345-46). During his June 2012 hearing,

9  plaintiff also testified to the frequency of attacks as two to three times a month (AR. 59).

10  He described attacks lasting six or seven hours and feeling "frozen," with nausea and

11  sweating (AR. 59).

12

13    This testimony shows plaintiff experienced attacks two to three times per month

14  during the period at issue. However, the original ALJ decision, issued in June 2012,

15  rejected plaintiff's testimony and the medical evidence provided by Dr. Levine (AR. 28,

16  31). The District Court affirmed the ALJ's findings on the evidence from both plaintiff

17  and Dr. Levine (AR. 470-74). The subsequent ALJ decision issued in June 2015

18  incorporated this approved analysis (AR. 357). Because the plaintiff's testimony and Dr.

19  Levine's medical opinion was properly discredited, this evidence does not establish that

20  plaintiff met Listing 2.07.

21

22    Plaintiff also relied on his treating otolaryngologist Dr. Ronald Hebard's opinion

23  that his Meniere's disease resulted in chronic vertigo and inability to work (Dkt. 10, p. 7-

24  8). Dr. Hebard contributed short letters in January 2014 and September 2014 which

1   confirmed the diagnosis of Meniere's disease and described chronic incapacitating

2   vertigo such that plaintiff can no longer work (AR. 574, 575).  In February 2015, Dr.

3   Hebard wrote a letter briefly summarizing plaintiff's treatment history since May 2010

4   (AR. 583). According to Dr. Hebard, "[t]he current state of the disease in Mr. Jerrett is

5   one of chronic incapacitating vertigo such that Mr. Jerrett is completely disabled and

6   unable to perform any work activity" (AR. 583).  He opined that, "[b]y March of 2011

7   Mr. Jerrett had become too symptomatic to continue work as a result of the progression

8   of this disease process" (AR. 583).  Plaintiff contends this opinion establishes his

9   disability during the period at issue.

10

11       Despite Dr. Hebard's role as treating physician, his opinion that plaintiff was too

12  symptomatic to work as of March 2011 does not demonstrate that plaintiff met the

13  criteria for Listing 2.07 at that time. A plaintiff cannot meet the Listing unless the

14  impairment "satisfies all of the criteria of that listing, including any relevant criteria in

15  the introduction, and meets the duration requirement." 20 C.F.R. § 404.1525(c)(3). Here,

16  the general description of "too symptomatic" fails to provide any detail about the

17  plaintiff's symptoms. Dr. Hebard does not include evidence of "frequent attacks of

18  balance" as specifically delineated in the Listing. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §

19  2.07.  Without details demonstrating the criteria, Dr. Hebard's opinion cannot establish

20  that plaintiff meets Listing 2.07. As the Commissioner conceded, however, Dr. Hebard's

21  opinion triggered the ALJ's duty to call a medical expert qualified to testify about

22  Meniere's disease (Dkt. 14, pp. 2-3).

23

24

1    The credible medical evidence in the record failed to conclusively establish the

2  "frequent attacks of balance disturbance" necessary for plaintiff to meet the requirements

3  of Listing 2.07.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 2.07. As a result, further

4  proceedings are required to determine whether plaintiff meets a Listing or establishes

5  disability upon completion of the five step analysis during the time period at issue. This

6  includes medical expert testimony. SSR 83-20.

7    In addition to unresolved issues, "the record as a whole creates serious doubt that

8  [plaintiff] is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

9  As noted above, the earlier District Court decision affirmed the 2012 ALJ determination

10  that plaintiff lacked credibility (AR. 468-76). The ALJ and District Court arrived at this

11  conclusion based on plaintiff's application for disability benefits while obtaining

12  unemployment benefits (AR. 470-72). Plaintiff testified that he held himself out to his

13  union and the state of Washington as willing and able to work while applying for

14  disability benefits (AR. 45-48, 470-71). This contradicts his simultaneous allegations of

15  disabling impairment and raises general questions as to the credibility of his complaints.

16  *See Carmickle v. Comm'r of Soc. Sec. Admin*, 533 F.3d 1155, 1162 (9th Cir. 2008)

17  (alleged inability to work fulltime is undermined by claimant holding himself out as

18  capable of fulltime work in order to receive unemployment benefits).

19    Due to the unresolved issues pertaining to whether plaintiff met Listing 2.07

20  during the period at issue and the potential need to determine an onset date, as well as the

21  serious doubt arising from plaintiff's questionable credibility, this is not the rare case

22  requiring remand for award of benefits.  While plaintiff has experienced significant delay

1   in the resolution of his benefits claim, the Court cannot say that the record "leaves 'not

2   the slightest uncertainty as to the outcome.'" *Treichler*, *supra*, 775 F.3d at 1101 (quoting

3   *Nat'l Labor Relations Bd. v. Wymon-Gordon*, 394 U.S. 759, 766 n.6 (1969)). Therefore,

4   the proper remedy is remand to the ALJ for further proceedings including medical expert

5   testimony concerning plaintiff's Meniere's disease and the requirements of Listing 2.07

6   as described in SSR 83-20.

7                                   CONCLUSION

8         Based on these reasons and the relevant record, the Court **ORDERS** that this

9

10  matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

11  405(g) to the Acting Commissioner for further consideration consistent with this order.

12        **JUDGMENT** should be for plaintiff and the case should be closed.

13        Dated this 23rd day of February, 2016.

14

15  _____
    J. Richard Creatura
16  United States Magistrate Judge

17

18

19

20

21

22

23

24